**Rene GONZALEZ–SOTELO; Isabel Cristina Jimenez, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72042.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Sung U. Park, Esq., Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Molly L. Debusschere, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Rene Gonzalez–Sotelo and Isabel Cristina Jimenez seek review of an order of the Board of Immigration Appeals affirming an immigration judge's order denying their application for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

■ The petitioners' contention that the hardship standard for cancellation of removal violates equal protection is unavailing, because the citizen child of a person unlawfully present in the United States is not similarly situated to the citizen child of a person lawfully present in the United States. *See Dillingham v. INS,* 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons.")

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**